Anastacio MACIAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 37391.

Court of Criminal Appeals of Texas.

Jan. 6, 1965.

Rehearing Denied Feb. 24, 1965.

Hope, Henderson & Hohman, by James E. Hope (on appeal only), San Antonio, for appellant.

J. Taylor Brite, Dist. Atty., Jourdanton, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the felony offense of driving while intoxicated, with punishment assessed at four years in the penitentiary.

Patrolman Murphy, of the Texas Department of Public Safety, testified that about 12:30 A.M., he observed an automobile being operated in an erratic manner upon a public highway; that it travelled from the right shoulder to the left across the center stripe and back to the right shoulder and after coming within a no-passing zone it again travelled over on the left hand side; that after the use of the siren and red light on the patrol car the other car stopped on the right shoulder of the highway.

After the car stopped, Murphy saw the appellant, who was driving the car, get out on the driver's side, and stagger as he walked to the rear of his car and in front of the patrol car. The appellant told Murphy that he had had four beers at one place and four at another; and appellant had much difficulty in locating his driver's license. Murphy testified that he smelled a strong odor of alcohol on appellant's breath, that his tongue was thick, his speech impaired, his eyes glassy, and his walk unsteady, and from these observations he expressed the opinion that appellant was intoxicated.

The Justice of the Peace, before whom the appellant appeared shortly after his arrest by Officer Murphy, testified that in his opinion the appellant was intoxicated.

Officer Langford testified that he saw Officer Murphy and the appellant shortly after they had left the office of the Justice of the Peace, and he expressed the opinion that the appellant was intoxicated.

Proof was offered of the prior conviction, as alleged, and of appellant's being the same person so convicted.

The appellant did not testify but called several witnesses.

The wife of appellant, who was with him, testified that although he had drunk three or four beers, he was not drunk when Officer Murphy stopped them; that appellant never drove on the left side of the highway; that the appellant told Murphy he was not drunk and offered to explain to him what was wrong with the car but the officer would not listen; that the car was "shaking" as appellant was driving it, before they were stopped; that the second day after Murphy stopped them, she was with the appellant when the operation of the car began getting worse and soon a wheel came off.

Several other witnesses testified that they saw appellant shortly before he was stopped by Murphy and that he was not drunk; and others testified that something was wrong with his car because it was whipping and pulling to the side while being driven.

■ It is insisted that the trial court erred in admitting the testimony of the arresting officer relating to several statements made by the appellant while under arrest. No objections were made during the trial to the statements as set out and complained of in appellant's brief. Hence no error is shown.

■ Officer Murphy's testimony to the previous extraneous offenses reveals no error, as no objections were made to such testimony. Further in the absence of any ob-

jection to the failure to limit such evidence in the charge, no error is presented.

The other contentions urged as error have been carefully considered in the light of the record and they present no error.

 The evidence is sufficient to support the conviction and no error being presented, the judgment is affirmed.

Opinion approved by the Court.